United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOM LUU, | NO. 5:11-cv-01523 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO STAY** |
| v. | |
| ALLSTATE INSURANCE COMPANY, | [Docket Item No. 14] |
| Defendant(s). | |

Presently before the court is Defendant Allstate Insurance Company's ("Defendant") Motion to Stay this case in favor of a pending arbitration required by Plaintiff Tom Luu's ("Plaintiff") automobile insurance policy ("Policy"). Plaintiff did not file an opposition or otherwise respond to the motion. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). As such, the hearing scheduled for August 12, 2011, is vacated. Defendant's unopposed motion will be granted for the reasons stated below.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was involved in an automobile accident on July 12, 2008, with uninsured driver Steven Cortinas, Jr. Plaintiff resolved his liability claim with Cortinas on November 5, 2009, for $15,000.00, which represented the entire amount of Cortinas' policy with Financial Indemnity

---

[1] This disposition is not intended for publication in the official reports.

1
Case No. 5:11-cv-01523 EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY (EJDLC1)

Company.

Plaintiff was insured by Defendant on the date of the accident. Plaintiff's Policy included uninsured motorist ("UIM") coverage providing for additional compensation when damages sustained from an accident exceed the amount recovered from the uninsured driver. See Decl. of Glen Davis, at Ex. A. The terms of the Policy also provide for binding arbitration of a UIM claim in the event an agreement cannot be reached as to the amount owed. Id. In accordance with California Insurance Code § 11580.2(f), the arbitration provision states, in pertinent part:

> If you or we disagree on your right to receive any damages or on the amount, then upon the written request of either party, the disagreement will be settled by a single neutral arbitrator.
>
> If arbitration is used, any arbitration award will be binding and may be entered as a judgment in a proper court. Id.

On November 5, 2009, Plaintiff, through counsel, made a claim with Defendant for the $15,000.00 policy limit provided by the UIM coverage. In response, Defendant commenced an investigation of Plaintiff's claim and eventually retained counsel. See Decl. of Sharon Bone, at Ex. A.

Unhappy with Defendant's handling of the claim, Plaintiff filed the instant action in Santa Clara County Superior Court on February 3, 2011, asserting claims against Defendant for breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendant removed the action to this court on March 30, 2011. Thereafter, Defendant requested Plaintiff stipulate to stay this action pending resolution of arbitration. See Decl. of Jeffrey Butler, at ¶ 2. Plaintiff would not agree, and this motion followed.

## II.   DISCUSSION

### A.   Legal Standard

The power to stay an action is discretionary, and "is incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication."

2
Case No. 5:11-cv-01523 EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY (EJDLC1)

Landis v. No. American Co., 299 U.S. 248, 254-55 (1936).  To determine whether a stay should be granted, the court considers "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Landis, 299 U.S. at 254.  "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  "The proponent of a stay bears the burden of establishing its need."  Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

When a request to stay is based on the pendency of arbitration proceedings, the court should grant the stay when the action involves a matter subject to the proceedings, and the action will be impacted as a result of the arbitration.  See Fed. Ins. Co. v. Sup. Ct., 60 Cal. App. 4th 1370, 1375 (1998).  Moreover, the court should consider whether the arbitration will conclude within a reasonable time.  ATSA of Cal., Inc. v. Continental Ins. Co., 702 F.2d 172, 176 (9th Cir. 1983).

**B.    ANALYSIS**

Defendants argue a stay of this action is required by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 et. seq.[2]  Under the facts presented, however, this argument is misplaced.  Although arbitration clauses raise a general presumption of arbitrability of grievances, the scope of such a clause is not unlimited.  See AT&T Technologies, Inc. v. Commc'n Workers of Am., 475 U.S. 643, 650 (1986).  Because arbitration provisions are part of a contract, the court "must ascertain and implement the reasonable expectations of the parties."  Spear, Leeds & Kellogg v. Central Life

---

[2] "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon *being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement*, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."  9 U.S.C. § 3 (emphasis added).

3
Case No. 5:11-cv-01523 EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY (EJDLC1)

Assur. Co., 85 F.3d 21, 28 (2d Cir. 1996). "Despite the presumption of arbitrability, the strong federal policy favoring arbitration may not extend the reach of arbitration beyond the intended scope of the clause providing for it." Id. (citation omitted). In California, whether or not an insurance carrier "paid in an untimely manner, or engaged in other claims-handling misconduct, is not an issue for the arbitrator." State Farm Mut. Auto Ins. Co. v. Sup. Ct., 123 Cal. App. 4th 1424, 1434; Ginorio v. State Farm Mut. Auto Ins., No. 2:07-cv-01403-MCE-DAD, 2007 U.S. Dist. LEXIS 66385, at *5-6 (E.D. Cal. Aug. 30, 2007). Here, the court cannot stay this action based directly on the provisions of the FAA because Plaintiff's instant bad faith claims are not covered by the arbitration clause in the Policy. A different analysis is therefore required.[3]

Looking at whether a stay is appropriate under the court's discretionary power, this action will likely be impacted by the pending arbitration even though the bad faith claims will not be directly addressed. As Defendant aptly points out, the arbitrator's ultimate determination concerning Plaintiff's entitlement to UIM benefits under the Policy may have a significant effect on the outcome of this case. The essence of Plaintiff's claims are allegations that Defendant mishandled Plaintiff's claim and failed to pay benefits upon his demand. If the arbitrator finds that Plaintiff is owed additional compensation in an amount equal to or exceeding the policy limit, Plaintiff's claims that Defendant unreasonably withheld payment would be significantly strengthened. Indeed, in California, an insurer's "bad faith" liability may be established by showing it "(1) withheld benefits due under the policy, and (2) that such withholding was 'unreasonable' or 'without proper cause.'" Major v. W. Home Ins. Co., 169 Cal. App. 4th 1197, 1209 (2009) (citing Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 573 (1973)). In contrast, if the arbitrator decides that Plaintiff is not owed additional compensation, or is owed an amount less than that allowed by the policy limit,

---

[3] Defendant's argument based on California Code of Civil Procedure § 1281.4 is similarly unsuited to these facts. The plain language of that statute allows the court to stay an action after granting a motion to compel arbitration or during the pendency of such a motion. Cal. Code Civ. Proc. § 1281.4. Here, a motion to compel has not been brought, nor does one appear necessary since the parties have already commenced the arbitration process.

4
Case No. 5:11-cv-01523 EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY (EJDLC1)

Defendant's position would be supported. No matter the result, the way in which the case progresses as well as the strength or weakness of the claims will turn on the arbitrator's decision in a critical way.

Further, the court agrees with Defendants that allowing this case to proceed parallel to the arbitration process may result in unnecessary litigation. A determination of what, if anything, Plaintiff is owed under the Policy is obviously key to both this case and the arbitration. If this case were to proceed, the parties would invest resources on this issue in both forums when such an investment is entirely avoidable by staying this action. Moreover, there may be savings to the court process in granting a stay since the case will likely be streamlined as a result of the arbitration, each side being in a better position to know the strengths and weaknesses of their respective positions. Finally, this case will not be unduly delayed since the parties have already begun the arbitration process and have chosen an arbitrator.

In sum, the court finds staying this case in favor of ongoing arbitration proceedings is appropriate under the circumstances. Plaintiff did not respond to this motion to articulate prejudice stemming from this result, and the court cannot independently find any such prejudice. Accordingly, Defendant's Motion will be granted.

### III.   ORDER

Based on the foregoing, the hearing scheduled for August 12, 2011, is VACATED. Defendant's Motion to Stay this action is GRANTED. This case shall be held in abeyance until after the uninsured motorist arbitration provided for in the Policy has been completed. Either party may apply to the court for relief from this stay upon conclusion of the arbitration proceedings.

IT IS SO ORDERED.

Dated:  August 2, 2011

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Megan Lynn Barker megan.barker@snrdenton.com
Jeffry Butler jeffry.butler@snrdenton.com
Cynthia Louise Mellema cynthia.mellema@snrdenton.com

| | |
|---|---|
| **Dated: August 2, 2011** | **Richard W. Wieking, Clerk** |
| | **By:    /s/ EJD Chambers** |
| | **Elizabeth Garcia** |
| | **Courtroom Deputy** |

Case No. 5:11-cv-01523 EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY (EJDLC1)